IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD GRANT,

    Plaintiff,                      No. CIV S-05-2473 JAM DAD P

    vs.

RENEE KANAN, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

        The court finds that plaintiff's second amended complaint appears to state cognizable claims for relief against defendants Todd, Williams, and Medical Technical Assistant Doe I.[1] See 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

---

[1] The court cannot order service of plaintiff's second amended complaint on Medical Technical Assistant Doe I. However, if plaintiff learns the identity of Doe I through discovery or other means, he may file a motion for leave to amend his complaint to identify this defendant by name. The court will then order proper service on him or her.

1

The court also finds that plaintiff's second amended complaint fails to state cognizable claims for relief against defendants Arthur, Campbell, Kanan, Knowles, Mitchell, and Williams. As the court previously advised plaintiff, he may not proceed against these defendants under a theory of respondeat superior. In addition, plaintiff's second amended complaint fails to state cognizable claims for relief against defendants McIntyre and Does II-IV. As the court previously advised plaintiff, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In his second amended complaint, plaintiff has failed to allege an actual connection or link between the actions of these defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, the court will not order service of plaintiff's second amended complaint on these defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Service of the second amended complaint is appropriate for the following defendants: Todd and Williams.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of the second amended complaint filed January 17, 2007.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

/////

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the second amended complaint filed January 17, 2007.

  4. Plaintiff shall not attempt to effect service of the second amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 8, 2009.

               /s/ Dale A. Drozd
               DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

DAD:9
gran2473.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD GRANT, | | |
| | Plaintiff, | No. CIV S-05-2473 JAM DAD P |
| vs. | | |
| RENEE KANAN, et al., | | <u>NOTICE OF SUBMISSION</u> |
| | Defendants. | <u>OF DOCUMENTS</u> |
| _____ / | | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

  ____ <u>one</u> completed summons form;

  ____ <u>two</u> completed USM-285 forms; and

  ____ <u>three</u> true and exact copies of the second amended complaint filed January 17, 2007.

DATED: _____.

                 _____
                  Plaintiff