IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD GRANT,

      Plaintiff,                    No. CIV S-05-2473 JAM DAD P

   vs.

RENEE KANAN, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On April 9, 2009, the court found that plaintiff's second amended complaint appeared to state cognizable claims for relief against defendants Todd, Williams, and Medical Technical Assistant Doe I.[1] The court also found that plaintiff's second amended complaint failed to state cognizable claims against defendants Arthur, Campbell, Kanan, Knowles, Mitchell, and Williams because he sought to proceed against these defendants solely under a theory of respondeat superior. Finally, the court found that plaintiff's second amended complaint failed to state cognizable claims

/////

---

[1] The court advised plaintiff that it cannot order service of plaintiff's second amended complaint on Medical Technical Assistant Doe I. However, the court informed plaintiff that if he learns the identity of Doe I through discovery or other means, he may file a motion for leave to amend his complaint to identify this defendant by name.

1

against defendants McIntyre and Does II-IV because plaintiff failed to allege an affirmative link or connection between these defendants' actions and the claimed deprivations.

The court ordered plaintiff to submit the documents necessary for service on defendants Todd, Williams, and Medical Technical Assistant Doe I.  However, plaintiff failed to timely submit the necessary forms or otherwise respond to the court's order.  Accordingly, on June 3, 2009, the court issued findings and recommendations, recommending dismissal of this action.  On June 17, 2009, plaintiff filed objections and a notice of change of address.  Plaintiff requests additional time to file the documents necessary for service.  He also summarily objects to the court's decision to not serve his complaint on defendants Arthur, Campbell, Kanan, Knowles, Mitchell, Williams, McIntyre and Does II-IV.

Good cause appearing, the court will vacate its findings and recommendations. The court will also grant plaintiff thirty days leave to either:  (1) file the documents necessary to effect service on defendants Todd, Williams, and Medical Technical Assistant Doe I so that plaintiff can proceed on his second amended complaint, or (2) file a third amended complaint. Plaintiff is advised that he may file a third amended complaint against all of the defendants named in his second amended complaint, but he is strongly cautioned that the court will not order service of his the third amended complaint on defendants Arthur, Campbell, Kanan, Knowles, Mitchell, Williams, McIntyre, and Does II-IV unless his allegations appear to state a cognizable claim for relief.  Again, plaintiff is advised that he may not proceed against defendants under a theory of respondeat superior.  He is also advised that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local

1  Rule 15-220 requires that an amended complaint be complete in itself without reference to any
2  prior pleading.  Therefore, in a third amended complaint, as in an original complaint, each claim
3  and the involvement of each defendant must be sufficiently alleged.
4        Accordingly, IT IS HEREBY ORDERED that:
5        1. The court's June 3, 2009 findings and recommendations are vacated.
6        2. Within thirty days of the date of service of this order, plaintiff shall either:
7          a. file the documents necessary to effect service on defendants Todd,
8  Williams, and Medical Technical Assistant Doe I; or
9          b. file a third amended complaint.
10       3. Failure to comply with this order or request an extension of time to do so will
11 result in a recommendation for dismissal of this action.
12 DATED: July 1, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gran2473.vac

3